10-5022-ag
Garcia Vasquez v. Holder

BIA
Elstein, IJ
A073 538 113

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand twelve.

PRESENT:
　　　　JOSEPH M. McLAUGHLIN,
　　　　GUIDO CALABRESI,
　　　　REENA RAGGI,
　　　　　　*Circuit Judges.*

_____

EBER ROLANDO GARCIA VASQUEZ,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　10-5022-ag
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Zachary J. Sanders, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Eber Rolando Garcia Vasquez, a native and citizen of Guatemala, seeks review of a November 16, 2010, order of the BIA, affirming an October 29, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied his application for asylum and withholding of removal. *In re Garcia Vasquez*, No. A073 538 113 (B.I.A. Nov. 16, 2010), *aff'g* No. A073 538 113 (Immig. Ct. N.Y. City Oct. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's finding that Garcia Vasquez failed to meet his burden of demonstrating a well-founded fear of persecution is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B). With respect to Garcia Vasquez's civil defense patrol claim, the agency reasonably concluded

2

that the death of local civil defense patrol leader Panfilo DeLeon constitutes a fundamental change in circumstances sufficient to rebut the presumption of a well-founded fear arising from any past persecution. *See* 8 C.F.R. § 208.16(b)(1)(i)(A). While Garcia Vasquez argues that DeLeon's family members remain in power and could make reprisals against him, he fails to offer any evidence showing that he was ever threatened or harmed by any of DeLeon's family and Garcia Vasquez's wife and children have remained in Guatemala without incident. *See Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Moreover, although Garcia Vasquez argues that many former civil defense patrol members have retained power by infiltrating local government, he fails to offer any evidence showing that these individuals exercise their power to target former deserters, and Garcia Vasquez's desertion occurred more than twenty years ago.

Moreover, Garcia Vasquez's unsupported assertion that 8 C.F.R. § 1240.26(i), which provides that "any grant of voluntary departure shall terminate automatically upon the filing of the petition or other judicial challenge," is invalid and that the filing of his appeal should not have

3

terminated his grant of voluntary departure, is without merit. *See Dada v. Mukasey*, 554 U.S. 1, 20 (2008); *accord Mahmood v. Holder*, 570 F.3d 466, 470 (2d Cir. 2009). The United States Supreme Court has held that an "alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period" in order to safeguard the alien's right to further pursue proceedings. *See Dada*, 554 U.S. at 20; *see also* 8 C.F.R. § 1003.4.

Because the agency reasonably determined that there was a fundamental change in circumstances and that Garcia Vasquez failed to meet his burden of showing a well-founded fear of persecution separate from his past persecution, we decline to consider the agency's alternative findings that Garcia Vasquez failed to establish past persecution and a nexus between any past persecution suffered and a protected ground. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). We further decline to consider Garcia Vasquez's argument that he is entitled to a grant of humanitarian asylum, as it was not raised before the agency. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk